

**UNITED STATES DISTRICT COURT**
**EASTERN  DISTRICT OF NEW YORK**

_____ x

DEA  ADAMS                                    <u>DOCKET #: 21-CV-3956 (RPK)(LB)</u>

**Plaintiff**,                                **<u>AMENDED COMPLAINT</u>**

Vs.                                           **DEMAND FOR JURY TRIAL**

THE CITY OF NEW YORK;
NEW YORK CITY POLICE COMMISSIONER
in his individual and official capacity;
NEW YORK CITY POLICE DEPARTMENT
NYPD 105TH PRECINCT
NYPD 105TH PRECINCT CAPTAIN IGOR PINKHASOV
NYPD PO INSIGNARES (BADGE 1730)
NYPD PO KENNDEY (BADGE 8697); NYPD PO BARBIERI (BADGE 25820)
NYPD PO URSO (BADGE 27920); NYPD PO DUNPKY (BADGE 1295)
NYPD PO MCDERMOTT (BADGE 28386); NYPD PO HESLIN (BADGE 637)
MAYOR OF THE CITY OF NEW YORK
UNKNOWN BADGES (1-5) OF 105TH PRECINCT, in their  individual capacities;
ALBERT BASALMASHHADI

**Defendants**

_____ x

## <u>CIVIL COMPLAINT</u>

Plaintiff, Dea Adams, appears to file this complaint against Defendants, THE

CITY OF NEW YORK;  NEW YORK CITY POLICE COMMISSIONER

in his individual and official capacity; NYPD 105TH PRECINCT, NYPD 105TH

PRECINCT CAPTAIN IGOR PINKHASOV, NYPD PO INSIGNARES (BADGE

1730), NYPD PO KENNDEY (BADGE 8697); NYPD PO BARBIERI (BADGE

25820), NYPD PO URSO (BADGE 27920); NYPD PO DUNPKY (BADGE

1295), NYPD PO MCDERMOTT (BADGE 28386), MAYOR OF THE CITY OF

NEW YORK UNKNOWN BADGES OF 105TH PRECINCT, in their individual

capacities; ALBERT BASALMASHHADI.

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which Plaintiff seeks relief for the violation

of her established and secured Rights secured by 42 USC § 1983, §

1988, the Fourth and Fourteenth Amendments to the United States

Constitution, and unlawful tortious interference with plaintiff's protected

unalienable property rights under color of law and authority as outlined

in this complaint.

2.      The claims arise from a series of unlawful and impermissible unsavory

trespass carried out against plaintiff by the named officers of the 105th

precinct beginning from May 25th and culminating in her false arrest and

false imprisonment on June 16, 2021.

3.      Plaintiff seeks monetary damages (special, compensatory, and punitive)

against defendants, as well as an award of costs and attorneys' fees and

such other further relief the Court deems proper and just.

## JURISDICTION AND VENUE

4.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, due to

the fact that associated claims are based on defendants violations of

Plaintiff's rights secured by 42 USC § 1983, § 1988, the Fourth and

5.      The amount in controversy exceeds $150,000.00, exclusive of interest and cost.

6.      Venue is appropriate in this Court in that all defendants have continuing business operations in this District and a substantial part of the events giving rise to the claims herein occurred within the boundaries of the Eastern District of new York.

7.      The amount in controversy exceeds $150,000.00, exclusive of interest and cost.

## **PARTIES**

8.      Plaintiff Dea Adams ("Dea") is an African American Female Citizen of the United States of America, who has maintained ownership and security interest in the property in this action located at 221-16 Murdock Ave, Queens Village, NY11429.

9.      Defendant, The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice,

supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel.  In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

10.  Defendants, NEW YORK CITY POLICE DEPARTMENT ("NYPD"), is an agency of defendants, CITY OF NEW YORK, and acts with their full authorization, supervision and responsibility.

11.  On information and belief  Plaintiff was falsely arrested and imprisoned by NYPD PO HESLIN (BADGE 637)

12.  Defendants, NEW YORK CITY POLICE COMMISSIONER, in his individual and official capacity; NYPD 105TH PRECINCT, NYPD 105TH PRECINCT CAPTAIN IGOR PINKHASOV, NYPD PO INSIGNARES (BADGE 1730), NYPD PO KENNDEY (BADGE 8697); NYPD PO BARBIERI (BADGE 25820), NYPD PO URSO (BADGE 27920); NYPD PO DUNPKY (BADGE 1295), NYPD PO MCDERMOTT (BADGE 28386), were at all relevant times herein, acting as OFFICERS & AGENTS OF THE NYPD, and as such were

acting in the capacity of agents, servants and employees of the City of New York.

13.   All other individual defendants ("unknown badges and JOHN/JANE DOES"), whose names are currently unknown to plaintiff, are employees of the NYPD, and New York are sued in their individual capacities

14.   At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

15.   Upon information and belief, defendant,  ALBERT BASALMASHHADI, claims to be a real estate investor, who acted at all times in concert and partnership of the officers of 105th precinct to cause the injuries against plaintiff complained herein.

## **FACTUAL ALLEGATIONS**

16.   From and continuing up to the date of filing this compliant, the Plaintiff and her family (JAMES C ADAMS)  have maintained ownership and security interests in the property located at 221-16 Murdock Ave, Queens Village, NY11429 since 1972 [Please see exhibit A, DEED FROM 1972 proving chain of title and occupation]

17.   And based on the continuing occupation  and knowledge of the aforementioned ownership interests in the said property since 1972,

Plaintiff believed there were no bona fide claimants to the title of said property, and even if there were claimants it was her belief that any such claimant would seek redress from any of the authorized lawful courts of New York State and not a shocking wanton capricious recruitment of well armed Police Officers of the NYPD's 105th precinct who descended upon plaintiff and the residents of her home, bullied, harassed, and finally taken to jail under color of authority and complete absence of statutory powers to do the same.

18.   The Plaintiff further asserts to the Court that she has never voluntarily abandoned or walked away from the property, and remained in continuous occupation until the day of JUNE 16, when a certain "ALBERT" the defendant ALBERT BASALMASHHADI, HIRED NEW YORK POLICE DEPARTMENT OFFICERS FROM THE 105TH PRECINCT, to help him terrorize, harass, threaten and forcibly evict the affiant and her occupants from the property under color of law and authority with zero statutory authorization.

19.   On or about May 25th, the Plaintiff arrived at the premises and immediately noticed that the house was broken into and that valuable furniture had been thrown out the house into the backyard and other

missing items that were removed from the premises by unknown invaders hired upon information and belief by defendant Albert Basalmashhadi.

20.   On the same day, May 25th, 2021, Plaintiff received a text message from someone named "Albert" who stated that he purchased the house at auction on January 24, 2020 at the Supreme Court house located at 88-11 Suptin Blvd.

21.   He later sent me a text of some fraudulent documents called *"**terms of sale**"* that I had never seen before.  Albert, whom I eventually found out was defendant, Albert Basalmashhadi,  begged me to let him know if there was any fraud going on because he's willing to work with me. *"Please let me know if you know about fraud"*. These were his words tome regarding the alleged documents he said he had.

22.   On May 28th, defendant Albert, called again and this time admitted that he trespassed into my property and hired the persons who vandalized the premises.

23.   He verbally threatened Plaintiff bragging how he will use his connections at the 105th Precinct to forcibly throw me out.

24.   He continued with the abusive calls with threatening language after he was informed that any title disputes belonged to the Courts and not his Police friends as that will be against the law.

25.  Albert informed the affiant that he was the owner of the property in this action; admitted he destroyed their private property in their absence, and declared his intention to use any means to forcibly remove them from the property, to which affiant informed him that he has been misled and misguided because she was the lawful owner of record.

26.  On June 2, 2021, Albert broke into the house again at night,  he showed up at the house with a horde of vandals who  chopped up the landscaping, removed toilets, entire kitchen cabinets, appliances and other property that belong to my family were thrown into the yard or stolen,  I then called the police and Albert called the police as well.

27.  The Police show up again, I came out of the house and I showed a horde of Police Officers my deed, my water bill and the electric bill as requested. All of the Police Officers took turns examining my papers I explained to them that I'm being harassed and threaten by Albert Basalmashadi and his gang of hoodlums trying to steal my house aided by their fellow Police Officers from 105th Precinct.

28.  The Police Officers willingly and willfully took Albert's side and openly gave legal advice,  started forcibly to get me vacate the premises.

29.  I asked the  officers to explain how the 105th precinct had made several appearances at my home with  only two of the officers out of horde of

police officers comprehended "civil matter?" I explained to all of the Officers that they were violating the law but they all didn't care. I explained to police officer INSIGNARES that he has no authority to make any legal determination in real property title disputes and also no authority to evict my household and me.

30. Police Officer INSIGNARES said that he "does have the authority to make legal determinations in real property disputes and he also has the naked power to evict my household and me whenever he felt like it"

31. Officer INSIGNARES also stated that he was a loan Officer at a bank and he's familiar with foreclosures". I then explained to Officer INSIGNARES that New York State Public Policy and the statute did not agree with his assertion, and that I was never served with any lawful eviction NOTICES from the New York City Landlord Tenant Court who has jurisdiction in the matter of evictions and your personal experience being a loan officer has no bases in this conversation".

32. Police Officer INSIGNARES, became more irate and angry towards me by yelling "*you will be arrested and forcibly removed from the property* because the REAL owner Albert does not want you there". At this time more officers from the 105th precinct arrived on the scene badgering, harassing and threaten my household and me to vacate the home.

33.   Again I continued to explain to the irate police officers that this issue was purely a civil matter and that my family and I are entitled to due process of law especially since this was not a police matter. I asked for a police report the officers said they would not give me a report.

34.   They were bragging that the captain of their precinct wanted me out of the house by force.

35.   After causing much destruction and mayhem, Albert and his gang of hoodlums left and I went back into the house to call the 105th precinct directly in regards to officers aiding and abetting citizens in criminal activity as well as officers unlawfully making pre determinations and judgments into ongoing civil matters. I needed to get clarity I was advised by Officer Paleki that a shift changed just occurred and no commanding officers were available at the time And that it would be preferable to call back the next day to reach any Lieutenants or available Sergeants.

36.   Meanwhile, I questioned officer Paleki about NYPD'S policy when it came to interacting in civil matters, and she advised me that the "Police doesn't engage into civil matters.

37.   On June 3rd, 2021, at Approximately at 8:30am Albert and his gang of hoodlums were at the house again banging and kicking the front door.

His gang were walking all around the premise from front to back looking in the windows yelling "we are calling the police"

38.    I then called the Police because I was in fear of my life and my family's life. I didn't know these strange people walking all over my property Albert's workers vandalized the home leaving me with nothing. The Police showed up and I explained that there are people banging on my door. Strange people who work for a man named Albert I want to file a report these people are harassing me on a daily bases.

39.    The Police Officers replied "no" I explained to the Police Officers that I am exhausted from being harassed, terrorized and sitting at the house all day scared and afraid by Albert and his gang and your fellow Police Officers for the past week I was unable to leave the house or sleep because Albert's gang already broke into the house a number of times and broke up everything in the house so it wouldn't be habitable for my family to live in. I desperately tried to get a police report on every account however the police officers would not cooperate with me nor issue me a report they were only interested in putting my family and I out on the street. The Police Officers basically did nothing and refused to give me a report.

40.    I then decided to reach out to the 105th precinct once again to speak to

someone over the sergeants.  I was transferred to an officer named Garcia

who at the time informed me that the person I should speak to regarding

such matters was named sergeant Taramina and that this was his day off.

Officer Garcia suggested for me to go through proper channels of having

internal affairs investigate these matters and those officers.

41.    I then asked to speak to any Lieutenants that may have been on duty at

the time, Officer Garcia advised me that both Lieutenant Ozaga and

Lieutenant Dipreta were currently unavailable due to the recent

investigation and corruption at this precinct.

42.    I then asked Officer Garcia if there was a way to obtain a police report

regarding these heinous and unlawful  acts by those officers. Officer

Garcia advised me to "call 911 on the scene where the crime transpired,

report to the officers what transpired, and that they will be able to issue a

complaint".

43.    I explained to Officer Garcia that I've done just that however none of the

police officers will follow through. Officer Garcia advised me to go

through internal affairs. I was advised to contact Lieutenant Burns I

reached out to him and left a message the same day.

44.  On June 4th, 2021, At approximately 11:00am five people of Albert's gang was outside kicking at my front door 1 female and 4 males none of these people spoke any English only Spanish.

45.  One of the male Police Officers was translating Spanish to English what the female was saying. The female said that "she was the contractor's wife and they are here to do work the woman won't get out the house" according to the translating Police Officer. Three of the Police Officers I recognized because they were on the scene on June 2nd, which means they were familiar with the situation.

46.  The Police Officers again, asked for my documents I then showed them my deed and water bill in which were all based on the last 30 days. I repeated the same thing to the officers that they have no jurisdiction here this is a civil matter no crime has been committed on my part the only people who has committed a crime is Albert Basalmashadi and the Police Officers of the 105th precinct that aided him.

47.  The male Police Officer who did the translation opened the back passenger door of his police patrol car and the female who said she was the contractor wife got into the vehicle along with Police Officer Jackson an African American woman. The Police Officers clearly were in cahoots with Albert these Officers drove her to my house and then down

the block to Springfield Blvd where Albert Basalmashadi, Police Officer Jackson eh Police Officer who Translated Spanish to English for the Contractor's wife I have pictures of them conjugating in front of the daycare center.

48. But Albert who was irate and furious bragged that he knew the Captain at the 105th precinct and will make sure that he put the law into his own hands and ruthlessly deal with Plaintiff.

49. The Police Officers told me to call them back if Albert comes back to harasses or threaten me. Albert wasn't happy went the Police Officers spoke to him. Albert says "I know what to do I'm going to the precinct to speak to my friend he's the Captain about this just wait and see". The police Officers told Albert to "beat it".

50. Defendant Albert aided by his hired help from the 105th precinct and mercenary thugs, proceeded to rip off and destroy landscaping, removed toilets, entire kitchen cabinets, appliances and other property that belong to my family were thrown into the yard or stolen, I then called for help and another horde of police officers showed up whom in my naiveté I presumed had come to put a stop to the looting and vandalism unleashed on my household by Albert and his police officer friends from the 105th precinct.

51.  Plaintiff was ignored and more Police Officers from the 105th precinct called to the scene.

52.  The said Police Officers told Plaintiff that they can evict her and the occupants and did not care about whatever the law said.

53.  As the imbroglio escalated with impunity for days, defendants, Police Officers from the 105th Precinct aided and abetted thugs hired by "ALBERT" to invade and vandalize the property, bathroom fixtures, toilet sink, were all destroyed and wrecked without abandon.

54.  Finally, On JUNE 16, AT 12:20 P.M., Plaintiff was falsely arrested and imprisoned by defendants under color of law and authority.

55.  The arrest of plaintiff was made without probable cause, or reasonable suspicion that she had committed any crime.

56.  The unjust arrest would have not taken place had the defendants followed New York State Public Policy as found in its laws regarding the issues complained of in this action.

57.  Plaintiff was taken to the police precinct, and then after several hours to central booking.

58.  At all times during the events described above, the defendants were engaged in a joint venture and formed an agreement to violate plaintiffs' rights. The individual officers assisted each other in performing the

various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

59. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

60. <u>DAMAGES</u>

61. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

a. Violation of her rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of their person;

b. Violation of her right to Due Process of Law under the Fourteenth Amendments to the United Stated Constitution;

c. Violation of their New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

d. Violation of their New York State Constitutional rights under Article **1,** Section 6 to due process;

e. Physical pain and suffering;

f. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

g. Loss of liberty.

## **FIRST CAUSE OF ACTION**

### (42 USC § 1983)

62.   The preceding paragraphs are here incorporated by reference.

63.   Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to plaintiff under 42 USC § 1983.

64.   Defendants' conduct deprived plaintiffs of their right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiffs of her right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

65.   Defendants falsely arrested plaintiff and failed to intervene in each other's

66.   obviously illegal actions.

67.   Plaintiff has been damaged as a result of defendants' wrongful acts.

## **SECOND CAUSE OF ACTION**

### **(MUNICIPAL AND SUPERVISORY LIABILITY)**

68.   The preceding paragraphs are here incorporated by reference.

69.   The City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

70.   The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiffs' constitutional rights in this case.

71.   The aforesaid event was not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony,

and fail to intervene in and report the obviously illegal actions of their
fellow officers. Nevertheless, the City has allowed policies and practices
that allow the aforementioned to persist.

72. Additionally, according to a report of the New York City Bar Association
issued in 2000, the City has isolated their law department from the
discipline of police officers, so that civil suits against police officers for
actions taken in their capacity as police officers have no impact on the
officers' careers, regardless of the outcome of the civil actions. Alan
Hevesi, as New York City Comptroller, in 1999 reported that there was a
"a total .disconnect" between the settlements of even substantial civil
claims and police department action against officers.

73. The City is aware that all of the aforementioned has resulted in violations
of citizens' constitutional rights. Despite such notice, the City has failed
to take corrective action. This failure and these policies caused the
officers in the present case to violate plaintiffs civil rights, without fear of
reprisal.

74. Plaintiffs have been damaged as a result of the deliberate indifference of
the City to the constitutional rights of the City's inhabitants

75. The City is liable for the damages suffered by plaintiffs as a result of the
conduct of their employees, agents, and servants, in that, after learning of

their employees' violation of plaintiffs' constitutional rights, they failed
to remedy the wrong; they have created a policy or custom under which
unconstitutional practices occurred and allowed such policies or customs
to continue, and they have been grossly negligent in managing
subordinates who caused the unlawful condition or event.

76.  The City has been alerted to the regular use of excessive force and false
arrests by its police officers, but has nevertheless exhibited deliberate
indifference to such excessive force and false arrests; that deliberate
indifference caused the violation of plaintiffs' constitutional rights in this
case.

## **THIRD CAUSE OF ACTION**

### (CONSPIRACY)

77.  The preceding paragraphs are here incorporated by reference.

78.  Defendants agreed to violate the plaintiffs' rights in the manner described
above.

79.  Defendants took action in furtherance of this agreement by arresting
plaintiff and bringing fabricated charges against her while acting under
color of law and authority.

80.  Plaintiff was injured as a result of defendants' conspiracy.

## FOURTH CAUSE OF ACTION

### (CONSTITUTIONAL TORT)

81.   The preceding paragraphs are here incorporated by reference.

82.   Defendants, acting under color of law, violated plaintiff's rights pursuant to §§ 5, 6 and 12 of the New York State Constitution.

83.   A damages remedy here is necessary to effectuate the purposes of §§ 5, 6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

84.   Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

85.   As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, Plaintiff was damaged.

**WHEREFORE,** plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.   In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B.   Awarding plaintiff punitive damages in an amount to be determined by a jury;

C.   Awarding plaintiff reasonable attorneys' fees, costs and disbursements of

this action; and

D.   Granting such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiffs demand a trial by jury.


Dated:  Queens, New York
        December 14, 2021

By: _____

        Dea Adams

        229-01 Linden Blvd

        Suite 110801

        Cambria Heights NY 11411

## NOTARY VERIFICATION

In Queens County, New York State.

Date: December 14, 2021

On this day personally came before me the Plaintiff in the above-entitled action,

Dea Adams, who proved her identity to me to my satisfaction and acknowledged

and subscribed her signature in my presence and that the foregoing motion is true

to her knowledge, except as to matters herein stated to be alleged on information

and belief and as to those matters they believed it to be true.

Declarant

By:

Dea Adams

BEFORE ME, the 14 day
of December 2021.

NEW YORK NOTARY PUBLIC

DANIELLE T. AGUIRRE
NOTARY PUBLIC-STATE OF NEW YORK
No. 01AG6288177
Qualified in Orange County
My Commission Expires 09-03-2025

TO:

<u>DEFENDANTS</u>
CITY OF NEW YORK
CORPORATION COUNSEL OFFICE
100 CHURCH STREET,
4TH FLOOR
NEW YORK, NY 10007

NEW YORK CITY POLICE COMMISSIONER
1 POLICE PLAZA PATH,
NEW YORK, NY 10038

NEW YORK CITY POLICE DEPARTMENT
NYPD 105TH PRECINCT
92-08 222ND  ST,
QUEENS VILLAGE, NY 11428

NYPD 105TH PRECINCT CAPTAIN IGOR PINKHASOV
NYPD PO INSIGNARES (BADGE 1730)
NYPD PO KENNDEY (BADGE 8697); NYPD PO BARBIERI (BADGE 25820)
NYPD PO URSO (BADGE 27920); NYPD PO DUNPKY (BADGE 1295)
NYPD PO MCDERMOTT (BADGE 28386); NYPD PO HESLIN (BADGE 637)
C/O
NYPD 105TH PRECINCT
92-08 222ND  ST,
QUEENS VILLAGE, NY 11428

ALBERT BASALMASHHADI
147-24 HILLSIDE AVENUE
JAMAICA, NY 11435

## Rule 3

whether the mere filing of the complaint stops the running of the statute, or whether any further step is required, such as, service of the summons and complaint or their delivery to the marshal for service.  The answer to this question may depend on whether it is competent for the Supreme Court, exercising the power to make rules of procedure without affecting substantive rights, to vary the operation of statutes of limitations. The requirement of rule 4(a) that the clerk shall forthwith issue the summons and deliver it to the marshal for service will reduce the chances of such a question arising.

### 2007 Amendment

The caption of Rule 3 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules.  These changes are intended to be stylistic only.

## Rule 4.  Summons

(a) **Contents; Amendments.**

(1) *Contents.* A summons must:

(A) name the court and the parties;

(B) be directed to the defendant;

(C) state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff;

(D) state the time within which the defendant must appear and defend;

(E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;

(F) be signed by the clerk; and

(G) bear the court's seal.

(2) *Amendments.* The court may permit a summons to be amended.

(b) **Issuance.** On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served.

(c) **Service.**

(1) *In General.* A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

(2) *By Whom.* Any person who is at least 18 years old and not a party may serve a summons and complaint.

(3) *By a Marshal or Someone Specially Appointed.* At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

(d) **Waiving Service.**

(1) *Requesting a Waiver.* An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons.  The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons.  The notice and request must:

(A) be in writing and be addressed:

(i) to the individual defendant; or

(ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;

(B) name the court where the complaint was filed;

(C) be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;

(D) inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;

(E) state the date when the request is sent;

(F) give the defendant a reasonable time of at least 30 days after the request was sent—or at least 60 days if sent to the defendant outside any judicial district of the United States—to return the waiver; and

(G) be sent by first-class mail or other reliable means.

(2) *Failure to Waive.* If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:

(A) the expenses later incurred in making service; and

(B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

(3) *Time to Answer After a Waiver.* A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent—or until 90 days after it was sent to

the
the

(4) *Res* tiff qui and filin

(5) *Jur* serv obje

(e) **Serving** of the U otherwis incompe been file the Unit

(1) follo an a tion loca

(2) doin

(A) d th

(B) le d o si

(C) de th ce

(f) **Serving** Unless fe al—other a person served at the Unite

(1) by a that such venti Extr

(2) if the if an not s reaso

(A) as fo co

(B) as to

(C) un lav

(i)

the defendant outside any judicial district of the United States.

(4) *Results of Filing a Waiver.* When the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver.

(5) *Jurisdiction and Venue Not Waived.* Waiving service of a summons does not waive any objection to personal jurisdiction or to venue.

(e) **Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

(f) **Serving an Individual in a Foreign Country.** Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by:

(i) delivering a copy of the summons and of the complaint to the individual personally; or

(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

(g) **Serving a Minor or an Incompetent Person.** A minor or an incompetent person in a judicial district of the United States must be served by following state law for serving a summons or like process on such a defendant in an action brought in the courts of general jurisdiction of the state where service is made. A minor or an incompetent person who is not within any judicial district of the United States must be served in the manner prescribed by Rule 4(f)(2)(A), (f)(2)(B), or (f)(3).

(h) **Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or

(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

(i) **Serving the United States and Its Agencies, Corporations, Officers, or Employees.**

(1) *United States.* To serve the United States, a party must:

(A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) if the action challenges an order of a non-party agency or officer of the United States, send a copy of each to the agency or officer by registered or certified mail to the agency or officer.

(2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

(3) *Officer or Employee Sued Individually.* To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

(4) *Extending Time.* The court must allow a party a reasonable time to cure its failure to:

(A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or

(B) serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.

(j) **Serving a Foreign, State, or Local Government.**

(1) *Foreign State.* A foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. § 1608.

(2) *State or Local Government.* A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:

(A) delivering a copy of the summons and of the complaint to its chief executive officer; or

(B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

(k) **Territorial Limits of Effective Service.**

(1) *In General.* Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant:

(A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located; or

(B) who is a party joined under Rule 14 or 19 and is served within a judicial district of the

United States and not more than 100 miles from where the summons was issued; or

(C) when authorized by a federal statute.

(2) *Federal Claim Outside State-Court Jurisdiction.* For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:

(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and

(B) exercising jurisdiction is consistent with the United States Constitution and laws.

(l) **Proving Service.**

(1) *Affidavit Required.* Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.

(2) *Service Outside the United States.* Service not within any judicial district of the United States must be proved as follows:

(A) if made under Rule 4(f)(1), as provided in the applicable treaty or convention; or

(B) if made under Rule 4(f)(2) or (f)(3), by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee.

(3) *Validity of Service; Amending Proof.* Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended.

(m) **Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1) or to service of a notice under Rule 71.1(d)(3)(A).

(n) **Asserting Jurisdiction over Property or Assets.**

(1) *Federal Law.* The court may assert jurisdiction over property if authorized by a federal statute. Notice to claimants of the property must be given as provided in the statute or by serving a summons under this rule.

(2) *State Law.* On a showing that personal jurisdiction over a defendant cannot be obtained in the district where the action is brought by

[right column partially cut off]

re
th
ov
tr
as
m

Rule

To (nam
corporation
officer or a

Why are

A lawsui
you repres
above. A c

This is n
court. It
waive form
returning t
penses, you
at least 30 c
outside any
the date sho
sent. Two
along with a
prepaid mea
the other co

What hap

If you ret
court. The
served on th
will be serve
the date this
answer the c
to you outs
States).

If you do
time indicate
complaint se
require you,
expenses of r

Please rea
avoid unnece

I certify th
date below.

Date: _____

(Signature of
or unrepresen

(Printed nam

(Address)

COMMENCING AN ACTION, ETC. **Rule 4**

reasonable efforts to serve a summons under this rule, the court may assert jurisdiction over the defendant's assets found in the district. Jurisdiction is acquired by seizing the assets under the circumstances and in the manner provided by state law in that district.

### Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons.

(Caption)

To (*name the defendant or — if the defendant is a corporation, partnership, or association — name an officer or agent authorized to receive service*):

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within (*give at least 30 days or at least 60 days if the defendant is outside any judicial district of the United States*) from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)

### Rule 4 Waiver of the Service of Summons.

(Caption)

To (*name the plaintiff's attorney or the unrepresented plaintiff*):

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)

(Attach the following)

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DEA ADAMS,

                                                                                    ORDER
                              Plaintiff,                              21 CV 3956(RPK)(LB)


            -against-


CITY OF NEW YORK, NEW YORK CITY
COMISSIONER, *in his individual and official
capacity*, NEW YORK CITY POLICE
DEPARTMENT, NYPD 105TH PRECINCT,
POLICE OFFICER INSIGNARES, Badge #1730,
POLICE OFFICER KENNDEY, Badge #8697,
POLICE OFFICER BARBIERI, Badge #25820,
POLICE OFFICER URSO, Badge #27920,
POLICE OFFICER DUNPKY, Badge # 1295,
POLICE OFFICER MCDERMOTT, Badge #28386,
POLICE OFFICER HESLIN, Badge #637,
MAYOR OF THE CITY OF NEW YORK,
UNKNOWN POLICE OFFICERS 1-5 OF THE
105th PRECINCT, *in their individual capacities*,
and ALBERT BASALMASHHADI,

                              Defendants.

-----------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

        The Court held a telephone conference in *pro se* plaintiff's civil rights action on November

9, 2021. As plaintiff did not receive notice of the conference on October 14, 2021, the Court

excuses plaintiff's failure to appear on that date. The Court discussed the defendants' request to

move to dismiss the complaint and shall afford plaintiff the opportunity to file an amended

complaint. See Cruz v. Gomez, 202 F.3d 593, 597-98 (2d Cir. 2000). Plaintiff shall file an amended

complaint by December 21, 2021. An amended complaint completely replaces the original

complaint; therefore, all claims plaintiff wishes to pursue must be in the amended complaint. Defendants shall respond to plaintiff's amended complaint by January 17, 2022.[1]

Plaintiff may contact The Federal Pro Se Legal Assistance Project, a free, limited-scope legal assistance clinic operated by the City Bar Justice Center of the New York City Bar Association. A copy of the City Bar Justice Center's flyer is included with this Order.

SO ORDERED.

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated: November 9, 2021
     Brooklyn, New York

---

[1] Plaintiff paid the filing fee to commence this action, therefore she is responsible for service of process on the defendants. At present the docket does not reflect service on the individual police officers named as defendants.

# EXHIBIT B

Standard N.Y.B.T.U. Form 8002-8004-8-64—Bargain and Sale Deed, with Covenants against Grantor's Acts—Individual or Corporation. (single sheet)

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY

**THIS INDENTURE,** made the 25 day of October , nineteen hundred and seventy-two
**BETWEEN** HAROLD POLAK, residing at 221-16 Murdock Avenue,
Queens Village, New York,

party of the first part, and JAMES C. ADAMS and DOLORES ADAMS, his wife,
both residing at 221-26 134th Road, Laurelton, New York

REEL 616 PAGE 1287

party of the second part,

**WITNESSETH,** that the party of the first part, in consideration of ten dollars and other valuable consideration paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Queens Village, Fourth Ward, Borough and County of Queens, City and State of New York, bounded and described as follows: BEGINNING at a point on the southerly side of Murdock Avenue, distant 134 feet easterly from the corner formed by the intersection of the southerly side of Murdock Avenue and the easterly side of 221st Street; running thence, Southerly and at right angles to Murdock Avenue 100 feet; thence, Easterly and parallel with Murdock Avenue, 34 feet 6 inches; thence, Northerly and again at right angles to Murdock Avenue, 100 feet to the southerly side of Murdock Avenue; thence, Westerly along the southerly side of Murdock Avenue, 34 feet 6 inches to the point or place of BEGINNING.

**TOGETHER** with all the right, title and interest of the party of the first part, of, in and to the land lying in the street, in front of and adjoining said premises to the centre line thereof.

**SUBJECT TO** declaration, covenants and restrictions of record which do not violate the erection and maintenance of the present structure.

**SUBJECT TO** zoning restrictions and regulations of the City of New York.

Being The Same Premises conveyes to the grantor herein and Evelyn Polak, his wife by Deed recorded in L 5773 cp 459, the said Evelyn Polak died a Resident of Queens County on 13, July 1959

Being known as 221-16 Murdock Av. Queens Village NY.

**TOGETHER** with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

**AND** the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.

**AND** the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

**IN WITNESS WHEREOF,** the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

_Harold Polak_
HAROLD POLAK

Case 1:20-cv-08857-RPK-LB   Document 17   Filed 12/15/21   Page 34 of 37 PageID #: 128



STATE OF NEW YORK, COUNTY OF **NASSAU** SS:

On the 2⁷ day of October, 1972, before me personally came

**HAROLD POLAK**

to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that he executed the same.

HERBERT J. CARR
NOTARY PUBLIC, STATE OF NEW YORK
No. 30-0578680
Qualified in Nassau County
Commission Expires March 30, 1973

STATE OF NEW YORK, COUNTY OF SS:

On the day of 19 , before me personally came

to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that executed the same.

REEL **616** PAGE **1288**

STATE OF NEW YORK, COUNTY OF SS:

On the day of 19 , before me personally came
to me known, who, being by me duly sworn, did depose and say that he resides at No. ;

that he is the
of
, the corporation described in and which executed the foregoing instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the board of directors of said corporation, and that he signed h name thereto by like order.

STATE OF NEW YORK, COUNTY OF SS:

On the day of 19 , before me personally came
the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he resides at No. ;

that he knows

to be the individual described in and who executed the foregoing instrument; that he, said subscribing witness, was present and saw execute the same; and that he, said witness, at the same time subscribed h name as witness thereto.

REAL ESTATE
TRANSFER TAX STATE OF NEW YORK
Dept. of Taxation OCT 30 '72 & Finance $39.05

**Bargain and Sale Deed**
With Covenant Against Grantor's Acts

TITLE NO. USQ 41147*S*

**HAROLD POLAK**

WITH

**JAMES C. ADAMS and DOLORES ADAMS, his wife**

STANDARD FORM OF NEW YORK BOARD OF TITLE UNDERWRITERS
Distributed by
**HOME TITLE DIVISION**
**CHICAGO TITLE**
**INSURANCE COMPANY**

SECTION
BLOCK 11138
LOT 54
COUNTY OR TOWN Queens

Recorded at Request of
HOME TITLE DIVISION
CHICAGO TITLE INSURANCE COMPANY

Return by Mail to

HARRY NATHANSON, ESQ.
170-12 Hillside Ave.
Jamaica, N.Y.
Zip No.

RESERVE THIS SPACE FOR USE OF RECORDING OFFICE

OCT-30-72 160413

OFFICE OF CITY REGISTER
Queens County
RECORDED
Witness my hand
and official seal

1972 OCT 30 PM 1 25

RECORDED AT REQUEST OF
SECURITY TITLE & GUARANTY COMPANY
9025-161 St.
Jamaica, N.Y. 11432

TAX PAID 20013

# EXHIBIT C

**INCIDENT INFORMATION SLIP**
PD 301-164 (Rev. 07-15)

105 PRECINCT
92-08   222 ST.
QNS VILLAGE, NY 11428

Date: _6/25/21_

Welcome to _105 PCT_
(Command)          (Address)                              (Telephone No.)

We hope that your business with us was handled satisfactorily. Your particular matter has been assigned the following number(s):

IAB 2021-12798

Complaint Report No.: _____   Accident Report No.: _____   Aided Report No.: _____

Date of Occurrence: _6/25/21_   Time: _5 PM_

Reported to: _____   _____
(Rank)   (Name)              (Shield No.)

Location of Occurrence: _____

Crime: _____

Please keep this report should you have to refer to this matter in the future. If you need any further assistance feel free to

contact us at telephone number _____ . Please let us know if you have any suggestions on how we can

better serve you. As you may already know, we will provide you with a crime prevention survey of your residence or business.

Please ask for more information on this and other crime prevention initiatives. Our goal is to make you and your property safe.

_G. Burns._          SGT TAORMINA

**COURTESY — PROFESSIONALISM — RESPECT**

**REMEMBER: CALL "911" FOR EMERGENCIES ONLY!!!**

GREGORY.BURNS@NYPD.ORG

ORI No.: NY0603031
Order No.:

NYSID No.:

Present: Hon. _____

**ORDER OF PROTECTION**

Non-Family Offense-C.P.L. 530.13

(Not involving victims of domestic violence)
☐ Youthful Offender (check if applicable)

**PEOPLE OF THE STATE OF NEW YORK**

-against-

**DEA CHRISTINA ADAMS**
Defendant

Date of Birth:   November 06, 1979

Part: _____

Indictment No., if any: _____

Charges: _____
(Check one):

☐ Ex parte
☐ Defendant Present in Court

Docket No. _____

NOTICE: YOUR FAILURE TO OBEY THIS ORDER MAY SUBJECT YOU TO MANDATORY ARREST AND CRIMINAL PROSECUTION, WHICH MAY RESULT IN YOUR INCARCERATION FOR UP TO SEVEN YEARS FOR CONTEMPT OF COURT. IF THIS IS A TEMPORARY ORDER OF PROTECTION AND YOU FAIL TO APPEAR IN COURT WHEN YOU ARE REQUIRED TO DO SO, THIS ORDER MAY BE EXTENDED IN YOUR ABSENCE AND THEN CONTINUES IN EFFECT UNTIL A NEW DATE SET BY THE COURT.

☒ **TEMPORARY ORDER OF PROTECTION** - Whereas good cause has been shown for the issuance of a temporary order of protection {as a condition of ☐ recognizance ☐ release on bail ☐ adjournment in contemplation of dismissal},
☐ **ORDER OF PROTECTION**, Whereas defendant has been convicted of {specify crime of violation}:

And the Court having made a determination in accordance with section 530.13 of the Criminal Procedure Law, IT IS HEREBY ORDERED that the above-named defendant observe the following conditions of behavior:
(Check applicable paragraphs and subparagraphs):

☒ Stay away from
and/or from the

☒ {name(s) of protected person(s) or witness(es)}:   ALBERT BASALMASHHADI
                                                      ALBERT BASALMASHHADI

☒ home of                                             ALBERT BASALMASHHADI

☒ school of                                           ALBERT BASALMASHHADI

☒ business of                                         ALBERT BASALMASHHADI

☒ place of employment of                              ALBERT BASALMASHHADI

☒ Do not go within 100 yards of the above-named person(s). You will be in violation of this Order even if he or she invited you into the home. No third party contact.

☐ Other: _____

☒ Refrain from communication or any other contact by mail, telephone, e-mail, voice-mail or other electronic or any other means with {specify protected person(s)}:   ALBERT BASALMASHHADI

☒ Refrain from assault, stalking, harassment, aggravated harassment, menacing, reckless endangerment, strangulation, criminal obstruction of breathing or circulation, disorderly conduct, criminal mischief, sexual abuse, sexual misconduct, forcible touching, intimidation, threats or any criminal offense or interference with the victim or victims of, or designated witnesses to, the alleged offense and such members of the family or household of such victim(s) or witness(es) as shall be specifically named {specify}:   ALBERT BASALMASHHADI

☐ Refrain from intentionally injuring or killing without justification the following companion animal(s) {pet(s)} {specify type(s) and, if available, name(s)}:

☒ Surrender any and all handguns, pistols, revolvers, rifles, shotguns and other firearms owned or possessed, including, but not limited to, the following: all firearms and do not obtain any further guns or other firearms. Such surrender shall take place immediately, but no event later than {specify date/time}: _____   at: the local precinct.

☐ Specify other conditions Subject to all subsequent Family Court orders of visitation and custody defendant must observe for the purposes of protection: _____

IT IS FURTHER ORDERED that the above-named Defendant's license to carry, possess, repair, sell or otherwise dispose of a firearm or firearms, if any, pursuant to Penal Law section 400.00, is hereby ☒ suspended or ☐ revoked {Note: Final Order only} and/or ☒ the Defendant shall remain ineligible to receive a firearms license during the period of this order. (Check all applicable boxes).
NOTE: If this paragraph is checked, a copy of this form must be sent to: New York State Police, Pistol Permit Section, State Campus Building #22, 1220 Washington Avenue, Albany, New York 12226-3252.

IT IS FURTHER ORDERED that this order of protection shall remain in force until and including {specify date}:   10/16/22
If this is a Temporary Order, it shall expire on this date or upon the case's disposition, whichever comes first. Arresting officer should confirm that this Order has not been modified or vacated prior to this date.

DATED: _____

**HON. JEFFREY GERSHUNY**
JUDGE/JUSTICE
COURT (COURT SEAL)

☐ Defendant advised in Court of issuance and contents of Order.
☒ Order personally served on Defendant in Court _____
                                                  (Defendant's signature)

☐ Order to be served by other means {specify}: _____
☐ Warrant issued for Defendant
☐ ADDITIONAL SERVICE INFORMATION:{specify}: _____