**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Dea Adams | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO: 21-CV-3956 (RPK) (LB) |
| | ) | |
| Police Officer Heslin; Police Officer | ) | SECOND AMENDED COMPLAINT |
| Police Officer Joseph Palmese; John | ) | |
| Does 1-5; Albert Basalmashhadi, | ) | JURY TRIAL DEMAND |
| Defendants. | ) | |

## PRELIMINARY STATEMENT

1. Dea Adams was falsely arrested by Police Officer Heslin and Police Officer Palmese after Albert Basalmashhadi conducted a pattern of harassment, vandalism, and destruction of property at her residence of 221-16 Murdock St.

2. Ms. Adams brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his rights under the Constitution of the United States of America and the New York State Constitution as well as common law claims.

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth , Eighth, and Fourteenth Amendments to the United States Constitution, as well as the New York State Constitution and New York Common Law..

Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4) because Ms. Adam's claims arise under law of the United States and seek redress of the deprivation under color of state law of rights guaranteed by the United States Constitution.

4. Venue lies in the Eastern District of New York under 28 U.S.C.§ 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claim occurred in the District.

**THE PARTIES**

5. Plaintiff Dea Adams is a resident of Queens County -Queens, New York.

6. Defendant Police Officer Heslin–was at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in her individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the NYPD. They are sued in their individual capacity.

7. Defendant Police Officer Palmese–was at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in her individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the NYPD. They are sued in their individual capacity.

8. Defendant Police Officer John Does 1 – 5 – names unknown - were at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in their individual capacity within the scope of

employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the NYPD. They are sued in their individual capacity.

9. Defendant Albert Basalmashhadi was at all times relevant to this complaint, upon information and belief, a principal owner and/or member of 26th Holdings LLC. He is sued in his individual capacity.

**JURY DEMAND**

10. Plaintiff Dea Adams demands a jury trial.

**STATEMENT OF FACTS**

11. Plaintiff and her family maintained an ownership and security interests in the property located at 221-16 Murdock Ave, Queens Village, NY 1429 since 1972

12. She remained in continuous occupancy of the property until the date of her arrest, June 16, 2021, and prior to that date, never voluntarily abandoned the property.

13. On or about May 25, 2021, Ms. Adams returned to the property to find that the house was broken into and that furniture had been thrown into the backyard and removed from the premises by Defendant, Albert Basalmashhadi.

14. The same day, she received a text message from Defendant Albert stating that Defendant Albert had bought the property at auction on January 24, 2020 at Queens County Supreme Court.

15. Plaintiff received a terms of sale document that she had never seen before, and, at the time, had no reasonable basis to believe it was authentic. The sale seemed

dubios due, in part, to the sale allegedly occurring in January of 2020 and Defendant Albert waiting  almost 18 months to enter the property.

16. Defendant Albert proceeded verbally threaten Plaintiff, specifically stating that he would use his personal connections with the New York Police Department to throw her out of her residence.

17. Plaintiff informed Defendant Albert that she believed that she was the rightful owner of the property and that, if there was a dispute, the proper recourse was to proceed through the housing court system.

18. Defendant Albert reiterated that he intended any means, including illegal, to forcibly remove Plaintiff from the property.

19. On June 02, 2021  Defendant Albert illegally entered the residence, along with a team of men, removing toilets, cabinets, appliances, and other property that belonged to herself and her family.

20. As a result of these illegal actions, Plaintiff called the police.

21. Defendant Albert also called the police.  Defendant Albert had no basis to not believe that Plaintiff had occupied the residency for the past thirty days and therefore using the police to forcefully evict was in violation of city and state law.

22. Once Officers arrived, Plaintiff showed the officers a copy of the deed, water bill, and electric bill.  These documents indicated to any reasonable person that Plaintiff had occupied the premises for the past thirty days.  Plaintiff explained that she believed she was the rightful owner and that she was being harassed by Defendant Albert.

23. Despite this evidence, the Officers attempted to forcibly evict Plaintiff. Eventually, Defendant Albert and the individuals he was with left the premises.

24. Defendant Albert again came to the residence on June 3rd, 2021. The y banged and kicked on the front door. Plaintiff again called the police.

25. Defendant Albert again came to the residence on June 04, 2021. They again kicked at the front door. None of the individuals who were banging on the door spoke any English, and Plaintiff was unable to communicate with them.

26. There was one woman present who identified herself as Defendant Albert's wife. Plaintiff recognized three of the police officers from those who arrived on June 02, 2021. 0

27. This time, the police informed Defendant Albert that he had to leave the premises. Defendant Albert stated that he would talk to the Captain at the precinct and take the law into his own hands to evict Plaintiff.

28. On June 10, 2021, Defendant Albert, through his corporation 26th Street Holding LLC, filed a petition in Landlord Tenant court attempting to, *inter alia*, obtain legal possession of the premises.

29. Despite commencing legal proceedings and being advised by counsel, Defendant Albert proceeded to invade and vandalize the property. Including, but not limited to, bathroom fixtures, toilet sink, etc.

30. On or about June 16, 2021, Plaintiff was coming back from Landlord-Tenant court when approximately 20 police officers were at her residence.

31. Upon information and belief, these officers arrived because of Defendant Albert.

32. Police officer Joseph Palmese told her that the "owner" of the house wanted to gain entry. Plaintiff showed the officer the court documents, the water bill, and the deed.

33. Plaintiff informed Officer Palmese that the case had just started.

34. Previously, whenever Plaintiff had showed the officers the documents, the officers had deemed them sufficient. The arresting officer, Officer Heslin, had been present during these times on multiple occasions.

35. Police Officer Palmese ordered Officer Heslin to put cuffs on her, despite knowing there was an ongoing landlord-tenant case, that Plaintiff possessed a deed and utility bill in her name, and that prior officers had already been to the scene and deemed the documents sufficient.

36. None of the aforementioned acts were protected by legal privilege, nor were such acts legally justified. Said occurrence and the injuries and damages sustained by claimant were due solely to the negligence, carelessness, recklessness and willful misconduct of the NYPD, its agents, servants and/or employees.

37. As a result of the defendants' conduct, plaintiff has been caused to suffer, *inter alia*, severe anxiety, humiliation, and embarrassment, damage to personal reputation, physical injury, apprehension, , emotional and psychological trauma, loss of income, and violation of rights under the New York Constitutions, and applicable statutory and case law.

## CLAIMS FOR RELIEF

### Claim I: False Imprisonment Under U.S.C. 1983
*Against Police Officer Heslin & Police Officer Palmese*

38. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

39. That on January 29, 2019, and at all times hereinafter mentioned and upon information and belief, both Defendants, without justification and without probable cause, imprisoned the Plaintiff.

40. That the DEFENDANTS' acting under the color of the law, intentionally confined the Plaintiff against his will and said confinement was not privileged.

41. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer psychological and emotional injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to their reputation and their standing within their community.

42. As a result of Defendant's impermissible conduct, Plaintiff demand judgment against Defendant's in a sum of money to be determined at trial.

### Claim II: Conversion Under NY State Law
*Against Albert Basalmashhadi*

43. Plaintiffs realleges the preceding paragraphs as if set forth here.

44. Defendant Albert Basalmashhadi exercised unauthorized doiminon over Plaintiff's personal property, specifically but not limited to, furniture, appliances, and other personal property items that belonged to Plaintiff.

45. As a direct and proximate result of Defendant's actions, Plaintiffs suffered damages.

**Claim III: Abuse of Process**
*Against Albert Basalmashhadi*

46. Plaintiff repeats and realleges each allegation contained in the preceding paragraphs as if fully set forth herein.

47. Defendant Albert Basalmashhadi illegally attempted to use legal process, namely the criminal justice system, to illegally evict Plaintiff. This illegal use of process was not, nor could be, justified by the actions.

48. As a result of defendant's actions, Plaintiff was caused to suffer psychological and emotional injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to their reputation and his standing within their community.

**Claim IV: Failure To Intervene Under 42 U.S.C. § 1983**
*Against Police Officer Heslin*

49. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

50. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct, had a duty to intervene and prevent such conduct and failed to intervene.

51. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

52. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

**Claim V: Illegal Eviction Under NY City and NY State Law**
*Against Albert Basalmashhadi*

53. Plaintiff repeats and realleges each allegation contained in the preceding paragraphs as if fully set forth herein.

54. Plaintiff resided at the residence for more than thirty days prior to the alleged ownership of Defendant Albert and 26th Holdings LLC.

55. Defendant Albert attempted to evict Plaintiff without utilizing a court proceeding or court order.

56. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

[REMAINDER INTENTIONALLY LEFT BLANK]

**WHEREFORE**, Plaintiffs demand the following relief against Defendants:

a. Compensatory damages in an amount to be determined at trial;
b. Punitive Damages;
c. Reasonable costs and attorneys' fees under 42 U.S.C. § 1988;
d. Pre- and post-judgment interest to the fullest extent permitted by law; and
e. Any additional relief the Court deems just and proper.

DATED: this 1st Day of September 2024 New York, New York

Yours, etc.

Lord Law Group PLLC

______________________________

Masai I. Lord, Esq.
14 Wall St., Ste 1603
New York, NY 10279
718-701-1002

*Counsel for Plaintiff Dea Adams*